quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7327**

WRITER'S INTERNET ADDRESS
**kathleensullivan@quinnemanuel.com**

October 15, 2012

<u>VIA CM/ECF</u>

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *American Int'l Group, Inc. v. Bank of Am. Corp.*, No. 12-1640-cv (to be argued on October 19, 2012, before Leval, Pooler, and Livingston, JJ.)

Dear Ms. Wolfe:

On behalf of Plaintiffs-Appellants American International Group, Inc. *et al.* ("Plaintiffs"), we respectfully respond to this Court's Order dated October 9, 2012. Plaintiffs believe that, if their arguments for remand of the entire case are rejected, Section 22(a) furnishes a ground for severing and remanding *certain claims*, namely those Securities Act and state-law claims that do not pertain to RMBS whose loan pools contain territorial mortgages.

*(1) Why was Section 22(a) not raised in plaintiffs' motion to remand to state court?*

In moving to remand, Plaintiffs responded to the two grounds specified in Defendants' notice of removal: "related to" jurisdiction (28 U.S.C. §§ 1334(b) and 1452(a)) and Edge Act jurisdiction (12 U.S.C. § 632). JA278, 280. Plaintiffs did not invoke Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), as a basis to defeat the "related to" ground for removal of the entire case because that argument is foreclosed by *California Public Employees' Retirement*

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

*System v. Worldcom, Inc.*, 368 F.3d 86 (2d Cir. 2004) ("*CALPERS*"). *CALPERS* held that "generally nonremovable claims brought under the Securities Act of 1933 may be removed to federal court if they come within the purview of 28 U.S.C. § 1452(a), which confers federal [removal] jurisdiction over claims that are related to a bankruptcy case." *Id.* at 108.

Plaintiffs did not invoke Section 22(a) as a basis to defeat the Edge Act ground for removal of the case because the rationale of *CALPERS* appeared to extend to the Edge Act situation, even though *CALPERS* directly addressed only the tension between the "related to" provision's removal authorization and Section 22(a)'s prohibition on removal. Specifically, *CALPERS* emphasized that the "related to" provision, in contrast to the general removal provision (28 U.S.C. § 1441(a)), does not contain the introductory phrase "Except as otherwise expressly provided by Congress …" and thus is not subject to "otherwise" provisions like Section 22(a). *See* 368 F.3d at 102, 107-08. Indeed, *CALPERS* arguably applies *a fortiori* to the Edge Act because the Edge Act has a strong anti-trumping prefatory clause that the "related to" provision lacks. *Compare* 12 U.S.C. § 632 ("Notwithstanding any other provision of law …"), *with* 28 U.S.C. § 1452(a) ("A party may remove …").[1]

The arguments that Plaintiffs made in their motion to remand (namely, that the elements of Edge Act and "related to" jurisdiction were not satisfied, and that the latter was in any event defeated by equitable remand/permissive abstention) went to the question whether removal of the entire case was proper. Plaintiffs respectfully submit that Section 22(a) potentially does furnish an argument that certain claims should be severed and remanded to state court in the event that this Court finds that Edge Act removal of the case was proper. Plaintiffs likewise respectfully submit, however, that Edge Act removal of the case was not proper and that this Court should reach the Edge Act issue, which suffices to dispose of the case, before considering the issues addressed in this letter.

### *(2) Does failure to raise Section 22(a) below constitute waiver?*

To the extent that Plaintiffs had a viable argument under Section 22(a) to defeat removal and obtain remand with respect to the entire case (as just discussed, Plaintiffs did not believe they had such an argument), and failed to present the argument in a motion to remand filed within thirty days of Defendants' notice of removal, the argument would be waived under 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). *See Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset*

---

[1] Plaintiffs cited and quoted Section 22(a) twice in their motion to remand, *see* Pls.' Mem. of Law in Support of Mot. to Remand, *Am. Int'l Group, Inc. v. Bank of Am. Corp.*, No. 11 Civ. 6202 (filed Sept. 23, 2011), ECF No. 23 at 5 ("'[N]o case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.'") (quoting Section 22(a) in course of describing claims in complaint; *id.* at 23 (same), but, as explained in text, Plaintiffs did not invoke Section 22(a) as a stand-alone basis to remand the entire case.

2

*Acceptance Corp.*, 632 F.3d 762, 768 (1st Cir. 2011) (Boudin, J.) (because a case arising under the Securities Act is within a federal court's original jurisdiction even if it is non-removable under Section 22(a), any Section 22(a)-based objection to removability does not go to the court's "subject matter jurisdiction" and hence is subject to Section 1447(c)'s 30-day waiver rule).

However, Section 1447(c)'s 30-day waiver rule applies only to "a motion to remand *the case* on the basis of [a] defec[t] [in removal]," 28 U.S.C. § 1447(c) (emphasis added), not to an argument that accepts that removal of the case was permissible in the first instance, but that *certain claims* within the case must be severed and remanded to state court. *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 103 (5th Cir. 1996) ("[T]he remand order was based on the district court's discretionary power under § 1441(c) to remand separate and independent state law claims, and not under § 1447(c)."). Because, as discussed below, the interaction of Section 22(a), the Edge Act, and 28 U.S.C. § 1441(c) points to allowing removal of the *case* but then severing and remanding certain *claims*, and does not point to remanding the entire case for some defect of removal, Section 1447(c) does not deem the argument waived.

Aside from Section 1447(c)'s rule, no other statutory waiver provision appears to apply. 28 U.S.C. § 1441(c), for example, does not impose a time limit upon a plaintiff's request (or a district court's order) to sever and remand claims from a case that was properly removed. Although ordinary principles of waiver might apply, the sever-and-remand argument presents a pure (if complex) issue of law and thus qualifies for a well-settled exception to waiver principles. *See, e.g.*, *Commack Self-Serv. Kosher Meats, Inc. v. Hooker*, 680 F.3d 194, 208 n.11 (2d Cir. 2012). Accordingly, this Court should find that the argument is not waived. Additionally, this Court has appellate jurisdiction to consider the argument because the order as to which interlocutory appeal was granted concerned whether to remand the entire case, and the question whether to sever and remand certain claims is "fairly included" within that order. *Yamaha Motor Corp. U.S.A., Inc. v. Calhoun*, 516 U.S. 199, 205 (1996).

> *(3) Does Section 22(a) prevent removal of Securities Act claims from state to federal court?*
> *(4) Assuming Section 22(a) does apply, does it apply to all plaintiffs' claims?*

If this Court rejects Plaintiffs' argument that Edge Act jurisdiction does not exist here and reaches the Section 22(a) basis for defeating removal, then under 28 U.S.C. § 1441(c) and authorities construing it, the potentially Edge-Act eligible claims (namely, those Securities Act and state-law claims that pertain to RMBS whose pools contain territorial mortgage loans) should remain in federal court, but all other claims should be severed and remanded. Even if Section 1441(c) does not apply, the state-law claims concerning RMBS that do not contain territorial mortgage loans would remain in federal court, but the Securities Act claims concerning RMBS that do not contain territorial mortgage loans should still be severed and remanded.

3

> (a) If Section 1441(c) applies, the Securities Act and state-law claims concerning RMBS that do not contain territorial mortgage loans should be severed and remanded

Section 22(a), in conjunction with Section 632 and Section 1441(c), could be understood to allow removal of the case but then to require severance and remand of all claims except those on RMBS that contain the territorial mortgages. The version of Section 1441(c) that applies to this action states that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c) (2006). Each element is arguably satisfied here.

*First*, Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, *laws*, or treaties *of the United States*." 28 U.S.C. § 1331 (emphasis added). Although Section 632 is a separate provision from Section 1331, it effectively puts claims that satisfy its elements within Section 1331 by providing that such suits "shall be deemed to *arise under the laws of the United States*." 12 U.S.C. § 632.[2] The Third Circuit has in fact stated that where a party invokes Section 632, a "district court ha[s] federal question jurisdiction under 28 U.S.C. § 1331." *Nat'l State Bank v. Fed. Reserve Bank of N.Y.*, 979 F.2d 1579, 1581 (3d Cir. 1992). *But see A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1460 (D.C. Cir. 1995) ("[W]e cannot accept [the] argument that the deeming clause of § 632 brings this dispute within the federal question jurisdiction conferred by § 1331.")

*Second*, the state law claims and the single Securities Act claim on the RMBS that contain territorial mortgages (which are the only claims that implicate Section 632 and thus Section 1331)[3] are separate and independent from the claims on the RMBS that do not contain territorial mortgages (which are not independently removable). In contrast to *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951), the leading decision on the "separate and independent" standard, the claims here do not involve "but one actionable wrong" and do not entitle AIG to

---

[2] The "related to" jurisdiction provision, by contrast, lacks any connection to Section 1331. Accordingly, the sever-claims-and-remand argument set forth in text is potentially available only as to Edge Act jurisdiction, not "related to" jurisdiction. As to "related to" jurisdiction, Plaintiffs adhere to the argument, which the district court indicated it was likely to accept, SPA22, that such jurisdiction would be relinquished as to the entire case through equitable remand and/or permissive abstention.

[3] In *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786 (2d Cir. 1980), which involved an action originally filed in federal court rather than a removed action, this Court treated Section 632 as extending only to the specific claim that satisfied the statute's elements. Specifically, as AIG has explained (AIG Br. 29-31; Reply Br. 7-8), this Court found Edge Act jurisdiction over plaintiffs' claim against a federally chartered bank that involved wrongful drawdowns on a letter of credit, but held that the remaining claims at issue on appeal were "within the district court's *ancillary jurisdiction*," *id.* at 792-93 (emphasis added).

4

"but one recovery;" rather, each claim involves discrete misrepresentations as to a particular sale of securities. Thus, those non-Edge Act claims are "separate and independent" from the claims involving transactions that bring the claim within Section 632.

*Third*, there can be little doubt that state-law issues predominate on the common law fraud and negligence claims on RMBS that do not contain territorial mortgages, as those claims arise under state law and do not implicate any federal issue. JA234-35, 244-46 (Compl. ¶¶ 461-74, 510-18). Remand of those claims is therefore warranted under Section 1441(c).

*Fourth*, remand is also warranted for the Securities Act claims on RMBS that do not contain territorial mortgages. *See* Wright & Miller, FED. PRACTICE & PROCEDURE § 3728 ("[A]ny separate and independent claims joined with a … securities claim should be removable under Section 1441(c) but, in line with case law in analogous contexts, the [securities] claim ought to be remanded.").

Thus, in the event that jurisdiction exists under Section 632 over some of AIG's claims such that removal of the case was proper in the first instance, the Securities Act claims and the state-law claims concerning RMBS that do not contain territorial mortgage loans should be severed and remanded pursuant to Section 1441(c).

> (b) <u>If Section 1441(c) does not apply, only the Securities Act claims on RMBS that do not contain territorial mortgage loans should be severed and remanded</u>

In the event that Section 1441(c) does not apply here for any reason, then the remedy is to remand the Securities Act claims on the RMBS that do not contain territorial mortgages. The Edge Act's jurisdictional provision permits removal, "[n]otwithstanding any other provision of law, [of] all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States …." 12 U.S.C. § 632. Subject to exceptions not applicable here, however, Section 22(a) states that "no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any courts of the United States." 15 U.S.C. § 77v(a). These two provisions are in conflict.

While it appears that no court has addressed the conflict between Section 22(a) and Section 632, in *CALPERS*, this Court addressed a similar conflict between Section 22(a) and the "related to" bankruptcy removal provision, 28 U.S.C. § 1452(a). Although this Court's analysis was at the "case" rather than "claim" level (as discussed *supra*, at 2), it should apply equally to a conflict between a removal and a non-removal provision at the "claim" level. As discussed *supra*, the logic of *CALPERS* suggests that Section 632 trumps Section 22(a).

That Section 632 trumps Section 22(a) does not necessarily mean that Section 22(a) has no force in this case. Since Section 632 extends only to the specific claims that satisfy the statute's elements, *see Corporacion Venezolana*, 692 F.2d at 792-93 (discussed *supra*, at 4 n.3), Section 632 provides a basis for removal jurisdiction only as to AIG's claims on the five RMBS

5

purportedly containing territorial mortgages. *See* AIG Br. 9-10 (listing those five RMBS); JA251, 253, 263, 270 (Compl. Ex. A). AIG, however, has alleged a Securities Act claim with respect to only one of those RMBS (*see* JA236 (Compl. ¶ 476) (CWALT 2005-20CB )), and thus Section 632 arguably trumps Section 22(a) only as to that claim.

As to the remaining Securities Act claims that do not fall within Edge Act jurisdiction, Section 22(a) is not in conflict with any other provision of federal law, and thus it controls. Accordingly, the Securities Act claims on the RMBS that do not contain territorial mortgages should be severed and remanded to state court. *See, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195-98 (9th Cir. 1988) (holding that RICO claim and state law claims were properly removed under the general removal provision, 28 U.S.C § 1441(a), but severing and remanding Securities Act claims as nonremovable in light of Section 22(a)); *cf.* 28 U.S.C. § 1441(c) (2012 Supp.) (providing, *inter alia*, that a state court action containing a claim that would fall within federal question jurisdiction and a claim that has been made nonremovable by statute may be removed in entirety but that, upon removal, "the district court shall sever from the action all claims" made nonremovable by statute and "remand the severed claims").[4] As to the state-law claims, there would be no conflict between supplemental jurisdiction removal under 28 U.S.C. §§ 1367(a) and 1441(a) (which arguably apply to those claims) and Section 22(a) (which does not apply to those claims), and therefore those claims would remain in federal court subject to the possibility of the district court declining jurisdiction over them pursuant to Section § 1367(c).

Respectfully submitted,

/s/ Kathleen M. Sullivan

Kathleen M. Sullivan


cc: Fred A. Rowley, Esq. (via CM/ECF)
     James C. Martin, Esq. (via CM/ECF)

---

[4] This current version of Section 1441(c) does not apply to this action, which was commenced prior to its effective date. *See* Pub. L. 112-63 § 205 (Dec. 7, 2011) (stating that the amendments are effective January 6, 2012, and "shall apply to … any action that is removed from a State court to a United States district court and that had been commenced, within the meaning of State law, on or after such effective date.").